**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA D. SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>   Defendant. | Case No. 2:21-cv-01551<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes LISA D. SMITH ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Los Angeles County, California, which is within the Central District of California.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

---

[1] https://www.midlandcredit.com/who-is-mcm/

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon a defaulted credit card debt ("subject debt") that Plaintiff allegedly owed to Citibank, N.A. ("Citibank").

8. Plaintiff used her Citibank credit card to finance the purchase of various household and personal items.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off by Citibank and purchased by Defendant for collection purposes.

10. On or around late 2020, Plaintiff discovered that Defendant proceeded to report the subject debt on her credit report(s).

11. Subsequently, Plaintiff noticed that the subject debt was reported twice on her credit report(s).

12. Upon information and belief, Defendant negligently reported the same exact subject debt twice on Plaintiff's credit report, thus causing distress and worry to Plaintiff in regards to her financial status.

13. Plaintiff was forced to issue several disputes in order to fix Defendant's misreporting.

14. Defendant's conduct in misreporting the subject debt unfairly deprived Plaintiff of the ability to meaningfully respond to Defendant's collection efforts.

15. Such deprivation caused Plaintiff direct financial and pecuniary harm, as she was subjected to damage to her credit score and financial status that, but-for Defendant's false, deceptive, and misleading representations, would not have come about.

16. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her federally protected interests as a result of Defendant's conduct.

17. In an effort to address the confusion created by Defendant, Plaintiff lost time and resources going about addressing Defendant's conduct.

18. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated §§1692e, e(2), e(8), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to misreport on Plaintiff's credit report by reporting the same exact debt twice. The FDCPA specifically prohibits debt collectors from falsely

representing the character and amount of the subject debt on a consumer's credit reports. Therefore, Defendant acted deceptively by reporting the subject debt twice on Plaintiff's consumer reports. Defendant's actions only served to worry and confuse Plaintiff and were done in a deceptive and misleading attempt to compel Plaintiff to address the subject debt with Defendant.

### b. Violations of the FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated § 1692f when it unfairly attempted to collect upon the subject debt by reporting the same exact subject debt twice on Plaintiff's credit report. Seasoned debt collectors, like Defendant, know the importance of accurately reporting and providing consumer's information about debts which have been subject to collections. However, Defendant treated Plaintiff unfairly through its concerted efforts to deprive Plaintiff of vital information which would have allowed Plaintiff to prevent the unfair damage to his credit report and financial status that came about as a result of Defendant's conduct.

WHEREFORE, Plaintiff, LISA D. SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

6

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e and f. Defendant engaged in a harassing, deceptive, and unconscionable campaign to collect from Plaintiff the subject debt by the harassing and misleading conduct outlined above.

35. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, LISA D. SMITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: February 19, 2021          Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132

Case 2:21-cv-01551-PSG-MRW Document 1 Filed 02/19/21 Page 9 of 9 Page ID #:9

|   |   |
|---|---|
| 1 | *Counsel for Plaintiff* |
| 2 | Sulaiman Law Group, Ltd |
|   | 2500 S Highland Ave, Suite 200 |
| 3 | Lombard, IL 60148 |
|   | Telephone: (630) 575-8181 Ext. 120 |
| 4 | alejandrof@sulaimanlaw.com |

9